## IN THE UNITED STATES DISTRICT
## COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Equal Employment Opportunity Commission     10 S. Howard St., 3rd Floor     Baltimore, MD 21201        Plaintiff, <br><br> v. <br><br> Johns Hopkins Home Care Group, Inc.     5901 Holabird Ave., Suite 1,     Baltimore, MD 21224        Defendant. | Civil Action No. _____ <br><br><br> **COMPLAINT** <br><br><br> JURY TRIAL DEMAND |

### NATURE OF THE ACTION

This is an action brought under Titles I and V of the Americans with Disabilities Act of 1990 (the "ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and retaliation, and to provide appropriate relief to Ray Ellen Fisher, a Pediatric Case Manager employed by Defendant from 2003 to 2010, who was adversely affected by such practices. As is alleged with greater particularity in the Statement of Claims below, the Defendant discriminated against Ms. Fisher because of her disability (breast cancer) when it failed to provide her a reasonable accommodation and terminated her employment. As is also alleged with greater particularity in the Statement of Claims below, because Ms. Fisher filed and pursued a charge with the EEOC, Defendant retaliated against her by abandoning the ADA interactive process and taking steps to terminate her employment, such as by cancelling a return-to-work evaluation and failing to notify her of vacancies in her department, and then by ultimately terminating her employment.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, 1345. This action is authorized and instituted pursuant to Sections 107(a) and 503(c) of the ADA, as amended, 42 U.S.C. §§ 12117(a), 12203(c), which incorporate by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      Venue is proper in the United States District Court for the District of Maryland as the employment practices alleged to be unlawful were committed within the jurisdiction of this Court. *See* 42 U.S.C. § 12117(a), incorporating 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Titles I and V of the ADA and is expressly authorized to bring this action by Sections107(a) and 503(c) of the ADA, 42 U.S.C. §§ 12117(a), 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4.      At all relevant times, Defendant has continuously been a Maryland corporation doing business in Baltimore, Maryland, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g) and (h).

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.      All conditions precedent to the institution of this lawsuit have been fulfilled.  More than thirty days prior to the institution of this lawsuit, Ms. Fisher filed a Charge of Discrimination with the EEOC, Charge No. 531-2010-00749, alleging violations of the ADA by Defendant. After the parties participated in the EEOC's investigation process, the EEOC issued a Letter of Determination notifying Defendant that there was reasonable cause to believe that it had violated the ADA through unlawful employment actions, including its failure to reasonably accommodate Ms. Fisher, its discharge of Ms. Fisher, and its retaliation against Ms. Fisher.  The EEOC then endeavored to eliminate the unlawful employment practices through informal methods of conciliation, conference, and persuasion.  After these efforts were unsuccessful, the EEOC so notified the parties and proceeded with the commencement of this lawsuit.

## COUNT 1
### (Disparate Treatment and Denial of Reasonable Accommodation in Violation of the ADA)

8.      Ms. Fisher was, since 2003, employed as a registered nurse and Pediatric Case Manager ("PCM") for Defendant.

9.      Ms. Fisher was diagnosed with breast cancer on or about September 30, 2009.  Her treatment included two rounds of chemotherapy, a double mastectomy and reconstructive surgery.

10.     Ms. Fisher's breast cancer is an impairment that, when active, substantially limits one or more of her major life activities, including but not limited to, normal cell growth.

11.     As a result of her breast cancer and related treatments, at all relevant times Ms. Fisher was an individual with a disability within the meaning of the ADA, as amended by the ADAAA. 42 U.S.C. § 12102.

12.     In addition, during the relevant time period, Defendant was aware that Ms. Fisher had a record of such an impairment.

13.     At all relevant times, Ms. Fisher was a qualified individual with a disability within the meaning of the ADA.

14.     From on or about January 4, 2010, to on or about June 2, 2010, the time period during which her doctor released her to return to work with restrictions, Ms. Fisher could perform the essential functions of the PCM position with reasonable accommodations such as job restructuring and/or a modified work schedule.

15.     From on or about January 4, 2010, to on or about June 2, 2010, the time period during which her doctor released her to return to work with restrictions, Ms. Fisher could perform the essential functions of alternate appropriate positions, with or without reasonable accommodations such as job restructuring and/or a modified work schedule, which existed and were available but were not offered to Ms. Fisher.

16.     After June 2, 2010, Ms. Fisher could perform the essential functions of the PCM position and/or any alternate appropriate positions without accommodation.

17.     Beginning in or about January 2010, and continuing until Ms. Fisher's termination in October 2010, Defendant engaged in unlawful employment practices in violation of Sections 102(a), 102(b)(5)(A), and 102(b)(5)(B) of Title I of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(5)(A), 12112(b)(5)(B).  These practices include but are not limited to the following:

   a.  refusing to provide Ms. Fisher with reasonable accommodations to enable her to
       return to work in a PCM or alternate appropriate position after Ms. Fisher's doctor
       released her to return to work in January 2010 with medical restrictions;

   b.  filling Ms. Fisher's prior PCM position on or about February 8, 2010;

   c.  refusing to bring Ms. Fisher back to work in a PCM or alternate appropriate
       position after her doctor released her to return to work without restrictions on or
       about June 1, 2010;

   d.  terminating and/or failing to extend Ms. Fisher's previously approved medical
       leave; and

   e.  terminating Ms. Fisher's employment on or about October 5, 2010.

18.   The effect of the practices complained of in paragraph 17 has been to deprive Ms. Fisher
of equal employment opportunities and to otherwise adversely affect her status as an employee
because of her disability.

19.   The unlawful employment practices complained of herein were intentional.

20.   The unlawful employment practices complained of herein were done with malice or with
reckless indifference to Ms. Fisher's federally protected rights.

## COUNT II
### (Retaliation in Violation of the ADA)

21.   Ms. Fisher engaged in protected activities through actions that included requests for
accommodation, the filing a Charge of Discrimination with the EEOC on February 23, 2010
(Charge No. 531-2010-00749) and thereafter the pursuit of her charge with the EEOC, including
by participating in a mediation conference on June 2, 2010.

22.     Because Ms. Fisher engaged in protected activities, Defendant subjected her to adverse

employment actions in violation of Section 503(a) of Title V of the ADA, 42 U.S.C. § 12203(a).

These unlawful employment actions include but are not limited to the following:

    a.   refusing to return Ms. Fisher to work in a PCM or alternate appropriate position;

    b.   cancelling, one day after the EEOC mediation conference, Ms. Fisher's scheduled

       Occupational Health Services return-to-work evaluation, where such evaluation

       was necessary for Ms. Fisher to return to work;

    c.   terminating and/or failing to extend Ms. Fisher's previously approved medical

       leave; and

    d.   terminating Ms. Fisher's employment on or about October 5, 2010.

23.     The effects of the practices complained of in paragraph 22 above have been to deprive

Ms. Fisher of equal employment opportunities and otherwise to adversely affect her status as an

employee because she has engaged in protected activities under the ADA.

24.     The unlawful employment practices complained of herein were intentional.

25.     The unlawful employment practices complained of herein were done with malice or with

reckless indifference to Ms. Fisher's federally protected rights.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court:

    A.     Grant a permanent injunction enjoining Defendant, its officers, successors,

assigns, and all persons in active concert or participation with it, from refusing to accommodate

and from illegally terminating employees based on their disabilities, and from any other

employment practices that discriminates on the basis of disability.

B.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in reprisal or retaliation against any person because such person engaged in protected activity under the ADA.

C.      Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities, and that eradicate the effects of its past and present unlawful employment practices.

D.      Order Defendant to make Ms. Fisher whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to immediate reinstatement to a PCM or appropriate alternate position or front pay.

E.      Order Defendant to make Ms. Fisher whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Counts I and II above, in amounts to be determined at trial.

F.      Order Defendant to make Ms. Fisher whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in Counts I and II above, including emotional and mental anguish, pain and suffering, humiliation and frustration.

G.      Order Defendant to pay Ms. Fisher punitive damages for the malicious and reckless conduct described in Counts I and II above, in amounts to be determined at trial.

H.      Grant such further legal or equitable relief as the Court deems necessary and proper to the public interest.

I.      Award the EEOC its costs of this action.

Dated: July 12, 2011

                              Respectfully submitted,

                              JAMES L. LEE
                              Deputy General Counsel

                              GWENDOLYN REAMS
                              Associate General Counsel


                              _____/s/_____
                              DEBRA M. LAWRENCE Bar No. 04312
                              Regional Attorney

                              _____/s/_____
                              MARIA LUISA MOROCCO Bar No.
                              24357 Supervisory Trial Attorney

                              _____/s/_____
                              THOMAS D. RETHAGE, JR. Bar No.
                              96035 Trial Attorney

                              EQUAL EMPLOYMENT
                              OPPORTUNITY COMMISSION
                              Philadelphia District Office
                              801 Market St., Suite 1300
                              Philadelphia, PA 19107
                              Phone: 215.440.2683
                              Fax: 215.440.2848